In the Matter of the Estate of GEORGIE H. GENTRY, Deceased.

Surrogate's Court, Kings County, September 3, 1931.

*Henry M. Powell*, for the administratrix *de bonis non.*

*Joseph E. Keenan*, for Oakley Gentry.

*Miles F. McDonald*, special guardian.

WINGATE, S. This is an application for leave to compromise the liability of a removed administrator resulting from his deliberate looting of the estate of his deceased mother and his attempt to defraud the infant child of his deceased brother of his share of the inheritance. The details of his actions need not be recited at length. They are fully set forth in the opinion of this court (reported in 139 Misc. 759). Suffice it to say that his original appointment was obtained by deliberate perjury and there was more than a hint of repeated forgery in connection with his dealings with the subject-matter. The decree herein directed him to pay over to the administratrix d. b. n. the sum of $6,495.54 and to deliver certain jewelry, consisting of two diamond rings, a pair of diamond earrings and a diamond brooch, and to pay costs and disbursements aggregating $935.95.

This decree is the law of the case as no appeal has been taken therefrom and the time to do so has expired.

The net result of this decree from the standpoint of the infant is that the latter is entitled to receive a net sum of $3,247.77 besides a half interest in all of the jewelry. The proposed compromise as presented would give the infant only the sum of $1,314.05, subject to various proposed allowances in this proceeding, and no interest whatsoever in the jewelry, a portion at least of which was shown

at the hearing to have been in the possession of the removed administrator's wife.

At the former hearing the removed administrator insisted that he had squandered the assets of the estate and it is argued on behalf of approval of the compromise that he is execution proof. It was, however, shown that he had personally transferred the real property of the decedent to his mother-in-law under exceedingly suspicious circumstances after swearing that it belonged to the estate.

The court is not satisfied that more or less extended reflection in jail would not refresh the recollection of this individual of other available assets which would permit of a more equitable reparation of the deliberate wrong which he has done his infant nephew. In any event this court is unprepared on any showing here made to be a party to the condonation of his deliberate larceny. The application for compromise is disapproved, and it is the duty of the administratrix *de bonis non* to proceed to have him committed for contempt, without further delay.

Proceed accordingly.